IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHELIA F. WARREN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE SMITHFIELD PACKING COMPANY, INC. )<br>)<br>Defendant. )<br>) | Civil Action No. 5:14-cv-00071 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Fed. R. Civ. P. 11, The Smithfield Packing Company, Inc. ("Smithfield" or "Defendant"), hereby removes this action from the Harnett County, North Carolina General Court of Justice, Superior Court Division to the United States District Court for the Eastern District of North Carolina, and respectfully submits the following to this Honorable Court:

1. On or about January 6, 2014, Plaintiff Shelia Warren ("Plaintiff") filed a complaint against Defendant in the Harnett County, North Carolina General Court of Justice, Superior Court Division, styled *Shelia F. Warren v. The Smithfield Packing Company, Incorporated*, Case No. 14-CVS-00022. A complete copy of all process and pleadings is attached hereto as **Exhibit 1**. Upon information and belief, these documents constitute all process and pleadings filed in the state court action to date.

2. Defendant was served with the Complaint by certified U.S. Mail. Defendant received the Complaint on January 8, 2013. Defendant's Notice of Removal is thus timely filed within thirty (30) days of Defendant's receipt of the Complaint pursuant to 28 U.S.C. § 1446(b).

3. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and the action may be removed to this Court under 28 U.S.C. § 1441 and § 1446 because: (1) there is a complete diversity of citizenship between Plaintiff, a citizen of North Carolina, and Defendant, a citizen of Delaware and Virginia, and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

*DIVERSITY OF CITIZENSHIP*

4. Upon information and belief and as alleged in Paragraph 1 of Plaintiff's Complaint, at the time this action commenced, Plaintiff Shelia Warren was a citizen and resident of Dunn, Harnett County, North Carolina.

5. Defendant's citizenship is determined by its state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1). Defendant is organized and incorporated under the laws of the State of Delaware and maintains its principal place of business in Smithfield, Virginia. A corporation's principal place of business is its "nerve center." *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (defining the phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) as the place where a corporation's high level officers direct, control, and coordinate the corporation's activities; this "nerve center" is typically the location of corporate headquarters). Defendant's corporate headquarters, in Smithfield, Virginia, is where Defendant's officers direct, control, and coordinate Defendant's activities. Plaintiff pleads in Paragraph 2 of her Complaint that Defendant's "principal office" is located in Virginia. Therefore, complete diversity of citizenship exists between Plaintiff and Defendant in this matter.

*AMOUNT-IN-CONTROVERSY*

6. Plaintiff's Complaint alleges that she was wrongfully discharged in violation of North Carolina public policy. She alleges that her damages are "continuing in nature" and include loss of past and future income and benefits. (Compl. ¶ 93). In addition, Plaintiff demands damages for "mental anguish" and "mental stress." (*Id.* at ¶ 93). Plaintiff further demands punitive damages. (*Id.* at ¶ 94). Where, as here, punitive damages are permitted under applicable law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied. *See Griffin v. Holmes*, 843 F. Supp. 81, 85 (E.D.N.C. 1993) (holding that the plaintiff's request for punitive damages should be included in the amount in controversy); *see also Turner v. CTS Con-Way Transp. Servs.*, No. 1:98CV00624, 1999 WL 1939243, at *2 (M.D.N.C. Apr. 28, 1999) (same). Under North Carolina law, punitive damages awarded against a defendant may be three times the amount of compensatory damages or two hundred fifty thousand dollars ($250,000), whichever is greater. N.C.G.S. § 1D-25(b). Thus, it appears from the face of the Complaint and the aggregation of the damages demanded that the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, Plaintiff alleges damages in her Complaint that meet or exceed the amount in controversy requirement set forth in 28 U.S.C. § 1332.

7. To the extent Plaintiff's Complaint is unclear with respect to the amount in controversy, pursuant to the Federal Courts Jurisdiction and Venue Clarification Act, where "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," such as North Carolina, the Court determines whether the jurisdictional amount is met by a "preponderance of the evidence." 28 U.S.C. § 1446(c)(2)(A) and (B).

8. Additional evidence confirms that Plaintiff seeks more than $75,000, exclusive of interest and costs. This additional evidence is a settlement demand made by Plaintiff's counsel to Defendant in the amount of $256,000.00 (December 2, 2013 Email from Jeremy Leonard to Defendant, attached as **Exhibit 2**) approximately one month prior to the filing of Plaintiff's Complaint. Settlement demands are properly considered in determining the amount in controversy for purposes of removal jurisdiction. *See*, *e.g.*, *Adamson v. Big Lots Stores, Inc.*, No. 5:13-CV-238-BO, 2013 WL 5308074, at *1 (E.D.N.C. Sep. 20, 2013) (considering settlement negotiations in determining that amount in controversy exceeded $75,000); *Wood v. General Dynamics Advanced Information Systems, Inc.*, No. 1:08CV624, 2009 WL 1687967, at * 3 (M.D.N.C. June 17, 2009) (same); *Crespo v. Delta Apparel, Inc.*, No. 5:07CV65-V, 2008 WL 2986279, at *3 (W.D.N.C. July 31, 2008) (same); *Green v. Metal Sales Mfg. Corp.*, 394 F. Supp. 2d 864, 866 (S.D. W. Va. 2005) (same).

9. Therefore, from a plain reading of Plaintiff's Complaint, as well as by a preponderance of the evidence provided to the Court, the amount-in-controversy in this matter exceeds $75,000, exclusive of interests and costs.

*OTHER REMOVAL REQUIREMENTS*

10. The United States District Court for the Eastern District of North Carolina is the Court for the district and division embracing the place in which Plaintiff's state court action was pending. Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

11. Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff, and a copy of this Notice of Removal is being filed with the Clerk of Harnett County

General Court of Justice, Superior Court Division, pursuant to 28 U.S.C. § 1446(d).  A true and correct copy of the Notice of Filing of Notice of Removal is attached as **Exhibit 3**.[1]

13. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding that Plaintiff has alleged claims upon which relief may be granted.

WHEREFORE, Defendant respectfully requests that the above-captioned action be removed to the United States District Court for the Eastern District of North Carolina, and that this Court assume full jurisdiction over this action as provided by law, to the exclusion of any further proceedings in the state court.

This 7th day of February, 2014.

**HUNTON & WILLIAMS LLP**

By: /s/ Melissa A. Romanzo
Melissa A. Romanzo, N.C. State Bar No. 38422
101 South Tryon Street, Suite 3500
Charlotte, NC 28280
Phone: (704) 378-4700
Fax: (704) 378-4890
Email: mromanzo@hunton.com
Local Civil Rule 83.1 Counsel

Gregory B. Robertson, Esq.*
Va. State Bar No. 15681
Kurt G. Larkin, Esq.*
Va. State Bar No. 70730
Sarah Ratner, Esq.*
Va. State Bar No. 70680
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Email: grobertson@hunton.com
Email: klarkin@hunton.com

---

[1] To prevent unnecessary duplication, Defendant has not attached a second copy of this pleading to Exhibit 3, but hereby incorporates it therein by reference.

Email: sratner@hunton.com
Telephone: (804) 788-8200
Fax: (804)-788-8218


*Licensed to practice in Virginia
Will enter a Special Appearance

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of February, 2014, I caused a copy of the foregoing **NOTICE OF REMOVAL** to be electronically filed with the Clerk of Court using the CM/ECF system and to be sent by first-class mail, postage prepaid, addressed to the following:

>Jeremy R. Leonard
>Hairston Lane Brannon, P.A.
>North State Bank Building
>230 Fayetteville Street, 3rd Floor
>Raleigh, North Carolina 27601

*Attorneys for Plaintiff Shelia F. Warren*

                                    /s/ Melissa A. Romanzo
                                    Melissa A. Romanzo