IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-71-D

SHELIA F. WARREN, )
)
Plaintiff, )
)
v. ) **ORDER**
)
THE SMITHFIELD PACKING )
COMPANY, INC., )
)
Defendant. )

On January 6, 2014, Sheila F. Warren ("Warren" or "plaintiff") sued her former employer The Smithfield Packing Company, Inc. ("Smithfield Packing" or "defendant"). Warren claims that she was wrongfully discharged in violation of North Carolina public policy. On February 14, 2014, Smithfield Packing moved to dismiss Warren's complaint for failure to state a claim upon which relief can be granted [D.E. 5]. Thereafter, Warren responded in opposition [D.E. 12], and Smithfield Packing replied [D.E. 13]. As explained below, the court grants Smithfield Packing's motion to dismiss and dismisses the complaint.

I.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a

court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79.

Smithfield Packing employed Warren as a packer from April 12, 2012, until terminating her at-will employment in October 2013. See Compl. [D.E. 1-1] ¶¶ 6, 69. Jurisdiction is based on diversity. See 28 U.S.C. § 1332(a); Notice of Removal [D.E. 1] ¶¶ 3–13. In her complaint, Warren asserts that Smithfield Packing wrongfully discharged her in violation of North Carolina public policy. See Compl. ¶¶ 68–94. Specifically, Warren claims that Smithfield Packing wrongfully terminated her employment after she "complained to management about the packaging and shipping of contaminated meat, which is in violation of food and safety regulations." Id. ¶ 8; see id. ¶¶ 68–94. Essentially, Warren contends that Smithfield Packing "complies with all food and safety regulations when the [United States Department of Agriculture] is on the premises to conduct inspections or otherwise," but not otherwise. See id. ¶¶ 20–22. Warren also asserts that she notified her supervisors about shipping contaminated meat, but that Smithfield Packing ignored her concerns and ultimately terminated her employment. See id. ¶¶ 69–94. In her complaint, Warren does not identify a specific North Carolina law as the source of the alleged North Carolina public policy. See id.

Smithfield Packing moves to dismiss the complaint for failure to state a claim upon which relief can be granted. A wrongful discharge claim in violation of North Carolina public policy is a narrow exception to North Carolina's general rule of employment at will. See, e.g., Whitt v. Harris Teeter, Inc., 359 N.C. 625, 625, 614 S.E.2d 531, 532 (2005) (per curiam) (adopting dissenting opinion at 165 N.C. App. 32, 43–50, 598 S.E.2d 151, 159–63 (2004) (McCullough, J., dissenting));

2

Garner v. Rentenbach Constructors Inc., 350 N.C. 567, 568–72, 515 S.E.2d 438, 439–41 (1999); Amos v. Oakdale Knitting Co., 331 N.C. 348, 350–54, 416 S.E.2d 166, 167–70 (1992); Coman v. Thomas Mfg. Co., 325 N.C. 172, 176–78, 381 S.E.2d 445, 447–49 (1989). To state a claim of wrongful discharge in violation of North Carolina public policy, a plaintiff must plausibly identify and rely on a specific North Carolina statute or North Carolina constitutional provision as stating North Carolina public policy. See, e.g., Garner, 350 N.C. at 568–72, 515 S.E.2d at 439–41; Amos, 331 N.C. at 350–54, 416 S.E.2d at 167–170; Coman, 325 N.C. at 176, 381 S.E.2d at 447; Horne v. Cumberland Cnty. Hosp. Sys., Inc., 746 S.E.2d 13, 17–19 (N.C. Ct. App. 2013); Gillis v. Montgomery Cnty. Sheriff's Dep't, 191 N.C. App. 377, 379–80, 663 S.E.2d 447, 449–50 (2008); Whitings v. Wolfson Casing Corp., 173 N.C. App. 218, 222, 618 S.E.2d 750, 753 (2005); Considine v. Compass Grp. USA, Inc., 145 N.C. App. 314, 321, 551 S.E.2d 179, 184 (2001), aff'd, 354 N.C. 568, 557 S.E.2d 528 (2001) (per curiam). A plaintiff claiming wrongful discharge in violation of North Carolina public policy may not rely on federal law as stating North Carolina public policy. See, e.g., Coman, 325 N.C. at 176–78, 381 S.E.2d at 447–49; McDonnell v. Guilford Cnty. Tradewind Airlines, Inc., 194 N.C. App. 674, 680, 670 S.E.2d 302, 306–07 (2009); Whitings, 173 N.C. App. at 222, 618 S.E.2d at 753; accord Feldman v. Law Enf. Assocs. Corp., 779 F. Supp. 2d 472, 495–97 (E.D.N.C. 2011); Leach v. N. Telecom, Inc., 141 F.R.D. 420, 426 (E.D.N.C. 1991). Because Warren's complaint fails to cite a specific North Carolina statute or a specific provision in the North Carolina Constitution as the source of North Carolina's public policy, Warren fails to state a claim upon which relief can be granted. See, e.g., Horne, 746 S.E.2d at 17–19; Gillis, 191 N.C. App. at 379–80, 663 S.E.2d at 449–50; Whitings, 173 N.C. App. at 222, 618 S.E.2d at 753; Considine, 145 N.C. App. at 321, 551 S.E.2d at 184.

3

In opposition to this conclusion, Warren concedes that she has failed to allege conduct by Smithfield Packing that violates a specific expression of North Carolina public policy in a North Carolina statute or the North Carolina Constitution. See [D.E. 12] 17. Nonetheless, she asserts:

> [A]lthough somewhat a case of first impression, there is no logical explanation that can be proposed to establish that our society tolerates the termination of individuals opposing unlawful activities in the workplace, and individuals attempting to prevent harm to consumers, when the termination is based on those activities.

Id. Warren then argues that the court must deny the motion to dismiss unless Smithfield Packing can demonstrate to a "legal certainty" that she is not entitled to relief. Id.

Warren's arguments fail. First, sitting in diversity, this court must predict how the Supreme Court of North Carolina would rule on the legal viability of Warren's wrongful discharge claim. See, e.g., Ellis v. La.-Pac. Corp., 699 F.3d 778, 782–83 (4th Cir. 2012); Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C., 433 F.3d 365, 369 (4th Cir. 2005). In doing so, the court looks first to decisions of the Supreme Court of North Carolina and then to decisions of the North Carolina Court of Appeals. See, e.g., Ellis, 699 F.3d at 782–83. Moreover, in predicting how the Supreme Court of North Carolina would rule, the court may not create or expand North Carolina public policy. See, e.g., Time-Warner Entm't–Advance/Newhouse P'ship v. Carteret–Craven Elec. Membership Corp., 506 F.3d 304, 314–15 (4th Cir. 2007).

This court predicts that the Supreme Court of North Carolina would require a plaintiff claiming wrongful discharge in violation of North Carolina public policy to allege "specific conduct by a defendant that violated a specific expression of North Carolina public policy" in a specific North Carolina statute or a specific provision in the North Carolina Constitution in order to state a claim. Considine, 145 N.C. App. at 321–22, 551 S.E.2d at 184; see Garner, 350 N.C. at 568–72, 515 S.E.2d at 439–41; Amos, 331 N.C. at 350–54, 416 S.E.2d at 167–170; Coman, 325 N.C. at 176–78,

4

381 S.E.2d at 447–49; Horne, 746 S.E.2d at 17–19; Gillis, 191 N.C. App. at 379–80, 663 S.E.2d at 449–50; Whitings, 173 N.C. App. at 222, 618 S.E.2d at 753. Because Warren's complaint does not do so, her claim fails.

Furthermore, Warren's argument that Smithfield Packing must demonstrate to a "legal certainty" that Warren is not entitled to relief conflicts with Iqbal, Twombly, and their Fourth Circuit progeny. Warren bears the burden of stating a claim. See, e.g., Iqbal, 556 U.S. at 677–78; Twombly, 550 U.S. at 562–63, 570; Coleman, 626 F.3d at 190; Giarratano, 521 F.3d at 302. Because she has failed to do so, the court grants Smithfield Packing's motion to dismiss. In light of this conclusion, the court need not address Smithfield Packing's alternative arguments in support of its motion to dismiss the complaint.

II.

In sum, Warren has failed to state a claim upon which relief can be granted. Thus, the court GRANTS Smithfield Packing's motion to dismiss [D.E. 5] and DISMISSES Warren's complaint.

SO ORDERED. This 29 day of April 2014.

JAMES C. DEVER III
Chief United States District Judge